IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ZUCARO,            )<br>    Plaintiff,                )<br>                            )<br>v.                          )<br>                            )<br>ANAND PATEL, RAMAN PATEL,   )<br>and GULF COAST MANAGEMENT   )<br>COMPANY, LLC,               )<br>    Defendants.             ) | CIVIL ACTION NO. 16-00089-N |

## ORDER

This action is before the Court on the Motion for Attorneys Fees and Expenses (Doc. 18) filed by Plaintiff Michael Zucaro under Federal Rule of Civil Procedure 54(d)(2). Though given an opportunity to respond (*see* Doc. 19), none of the Defendants have done so. Therefore, the motion is now under submission and is ripe for disposition. Upon consideration, the Court finds that the motion is due to be **GRANTED in part** and **DENIED in part**.[1]

---

[1] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered March 1, 2016. (Doc. 2). The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition," and makes clear that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge."

Zucaro, through counsel, has been electronically served with the Notice of Assignment, and was required to "serve a copy of th[e] notice and attachments immediately upon all other parties that have been served with the summons and complaint pursuant to Rules 4 and 5, Federal Rules of Civil Procedure." (Doc. 2 at 1). *See also* S.D. Ala. GenLR 73(c)(2) ("When an action is referred to a Magistrate Judge pursuant to this Rule, the Clerk shall notify all parties who have appeared by sending a Notice of Assignment of Case to a Magistrate Judge for Trial. In accordance with Fed. R. Civ. P. 4 and 5, it shall be the responsibility of Plaintiffs to immediately serve a copy of this Notice on those parties named as Defendants but who have not appeared."). Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment, there presently exists implicit consent to

I. **Procedural History**

On September 6, 2016, the Court, on Zucaro's motion (Doc. 13), entered default judgment under Federal Rule of Civil Procedure 55(b)(2) in favor of Zucaro and against the Defendants, finding the Defendants liable to Zucaro for principal and interest owed on certain promissory notes and guarantees. (*See* Docs. 16, 17). In addition to other damages, Zucaro's motion for default judgment also requested an award of $26,126.00 in attorneys' fees and $638.74 in expenses incurred as of April 22, 2016. In support of the request, Zucaro submitted his own affidavit and affidavits from two attorneys attesting to the reasonableness of these amounts. However, the Court denied the request for attorneys' fees and expenses, finding that, while Zucaro was entitled to recover reasonable attorneys' fees and expenses in enforcing his rights under the promissory notes and guarantees at issue, he had provided insufficient evidence to support those damages.

Specifically, the Court, after finding that Alabama law governed both Zucaro's entitlement to attorneys' fees and expenses and determination of the reasonableness of such an award, noted that under Alabama law " 'the amount of time consumed should be the first yardstick used by the trial court'" to determine reasonableness. (Doc. 16 (quoting *Clement v. Merchants Nat. Bank of Mobile*, 493 So. 2d 1350, 1355

---

the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").

(Ala. 1986))).  The Court found itself "unable to make a 'reasonableness' determination as to the requested attorneys' fees and expenses based on the current record" because Zucaro had "not provided any information as to how many total hours underlie the fees charged by Phelps Dunbar, how many hours of work were performed by each Phelps Dunbar employee who participated in this matter, or the billing rates of the various Phelps Dunbar employees[,]" nor did he present "evidence indicating what specific expenses underlie the requested award of costs."  (*Id.* at 22).  However, the denial of attorneys' fees and costs was "**without prejudice** to his ability to again request them in a properly supported, timely filed motion for attorneys fees and expenses under Federal Rule of Civil Procedure 54(d)(2)."  (*Id.*).  Zucaro has timely filed such a motion.  (*See* Doc. 18).

As was explained in the Court's order on Zucaro's motion for default judgment (Doc. 16), under Alabama law and the express terms of the promissory notes and guarantees at issue, Zucaro is entitled to recover from the Defendants reasonable attorneys' fees and expenses incurred in collecting on those contracts. For the reasons previously explained (*see id.*), the Court will also apply Alabama law in determining whether Zucaro's requested fees and costs are reasonable.

## II.  Legal Standards

Regarding the inquiry into "reasonableness," the Supreme Court of Alabama has held:

> The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court …

> This Court has set forth 12 criteria a court might consider when determining the reasonableness of an attorney fee:
>
>> The nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.
>
> These criteria are for purposes of evaluating whether an attorney fee is reasonable; they are not an exhaustive list of specific criteria that must all be met.[2]

*Kiker v. Prob. Court of Mobile Cty.*, 67 So. 3d 865, 867-68 (Ala. 2010) (citations and quotations omitted). *Accord, e.g.*, *Regions Bank v. Lowrey*, 154 So. 3d 101, 109 (Ala. 2014). A "fee is clearly excessive when after review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." *Peebles v. Miley*, 439 So. 2d 137, 143 (Ala. 1983) (quotation omitted).

"Parties seeking 'an attorney fee bear the burden of proving their entitlement to an award and documenting their appropriately expended hours.' " *Major Millworks, Inc. v. MAE Hardwoods, Inc.*, 187 So. 3d 714, 723 (Ala. Civ. App. 2015) (quoting *Beal Bank, SSB v. Schilleci*, 896 So. 2d 395, 408 (Ala. 2004)). " '[A] trial

---

[2] "Of course, not all of the criteria will be applicable. Indeed, there would hardly ever be a case where the determination of attorney's fees brought into play every criterion." *Van Schaack v. AmSouth Bank, N.A.*, 530 So. 2d 740, 749 (Ala. 1988) (quotation omitted).

court may not order one party to pay another party's attorney's fees without first receiving evidence of the amount of those fees and then determining the reasonableness of that amount.' " *Id.* (quoting *A.B. v. J.B.,* 40 So. 3d 723, 735 (Ala. Civ. App. 2009)). " 'When an applicant for attorney fees "has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." ' " *Beal Bank,* 896 So. 2d at 408 (quoting *Ex parte Edwards,* 601 So. 2d 82, 85 (Ala. 1992) (quoting *Blum v. Stenson,* 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)))

" 'The trial court, in connection with a consideration of the opinion evidence proffered by qualified experts, may call to his aid his own estimate of the value of such legal services after considering the aforementioned elements and, generally speaking, the allowance rests within the sound judicial discretion of the trial court.' " *Beal Bank*, 896 So. 2d at 404 (quoting *Ingalls v. Hare*, 96 So.2d 266, 274 (Ala. 1957)). The trial court also has the right " 'to look to the whole record on the question of the value of attorneys' services, and may treat opinions of witnesses as advisory and may render such decree fixing attorneys' fees as it deems right and proper under all the circumstances.' " *Id.* (quoting *Ingalls*, 96 So. 2d at 274). *See also Rice v. Grove Hill Homeowners' Ass'n, Inc.,* 113 So.3d 659, 663 (Ala. Civ. App. 2012) ("The trial court may rely on its own knowledge and experience in determining the value of the legal services performed and in setting the fee without entertaining evidence of the reasonableness of the fee."). "[I]f after considering the appropriate

factors, a trial court concludes that the billed attorney's fees are unreasonable in amount, the appropriate action is not to deny the claim altogether but to enter a judgment for a reasonable amount of attorney's fees." *Willow Lake Residential Ass'n, Inc. v. Juliano,* 80 So. 3d 226, 242–43 (Ala. Civ. App. 2010) (citing *Beal Bank,* 896 So. 2d 395)). *Accord SE Prop. Holdings, LLC v. Sandy Creek II, LLC*, Civil Action No. 12-00303-KD-M, 2014 WL 47330, at *6 (S.D. Ala. Jan. 7, 2014) (DuBose, J.) (same).[3] "Although all of the criteria set forth must be taken into consideration (though all criteria need not be met) it has been generally recognized that the amount of time consumed should be the first yardstick used by the trial court." *Clement v. Merchants Nat. Bank of Mobile*, 493 So. 2d 1350, 1355 (Ala. 1986).

### III.   Analysis

In the present motion (Doc. 18), Zucaro seeks an award of $42,965.50 in fees for work performed between August 10, 2015, and August 29, 2016, by attorneys and staff of Phelps Dunbar, LLP, the law firm providing Zucaro's counsel of record, as well as $1,461.37 in expenses incurred during that same period.   In support, Zucaro has presented Phelps Dunbar billing records documenting the number of hours worked, the type of work performed, the rates charged, and the types of expenses incurred.   (Docs. 18-1, 18-2).

---

[3] Alabama courts have at times employed the federal "lodestar" approach to determining the reasonableness of attorneys' fees awarded to successful class counsel, *see City of Birmingham v. Horn*, 810 So. 2d 667, 680 (Ala. 2001) ("Under Alabama law, there are currently two methods available for the determination of fee awards for attorneys who have litigated successfully on behalf of a class: (1) the common-fund approach and (2) the lodestar approach."), as well as when fees were awarded under a federal statute.   *See, e.g., Johnson v. City of Mobile*, 195 So. 3d 903, 925-27 (Ala. 2015) (involving award of fees to prevailing party in Title VII claim).   Neither of these situations applies in this action.

Initially, the Court declines to award fees and expenses beyond the amounts requested in the motion for default judgment - $26,126.00 in attorneys' fees and $638.74 in expenses.  The Court does not find it appropriate to award a litigant more fees and expenses after failing to properly support his request the first time.  Relatedly, review of the billing statements submitted indicates that significant amounts of time after May 3 were spent either on informal attempts in letters and telephone calls to urge the Court to rule on the motion for default judgment, *see* S.D. Ala. GenLR 7 ("A request for Court action must be presented by motion and may not be presented by informal means such as a letter."), or on efforts to supplement the motion.  Moreover, the present motion fails to include any supplemental affidavit evidence attesting to the reasonableness of fees and expenses incurred after the filing of the motion for default judgment.

The submitted billing records indicate that Zucaro has been billed for work performed by the following individuals at Phelps Dunbar through May 3, 2016, the date the motion for default judgment was filed, as follows:

- Barry Andrews (partner attorney, 21 years experience) – 69.85 hours
- Richard Johnson (partner attorney, 14 years experience) – 26.7 hours
- Danielle Mashburn-Myrick (associate attorney, 2 years practice experience preceded by 2 years of bankruptcy clerkship experience) – 25.2 hours
- Anne Crosby (paralegal) – 10.5 hours

As was discussed in the Court's previous order granting default judgment, Zucaro has also submitted affidavits from himself, Andrews, and attorney Charles J.

Fleming attesting to the reputation of Phelps Dunbar and the reasonableness of the $26,126 in attorneys' fees and $638.74 in expenses incurred as of the filing of that motion. (Docs. 13-3, 13-4, 13-5). Considering the billing records and affidavits submitted, together with the criteria set forth by the Supreme Court of Alabama, *see Kiker*, *supra*, the undersigned finds that Zucaro is entitled to recover from the Defendants reasonable attorneys' fees in the amount of $26,126.00 and reasonable expenses in the amount of $638.74.

## IV.  Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Zucaro's Motion for Attorneys Fees and Expenses (Doc. 18) is **GRANTED in part** and **DENIED in part**, such that Zucaro is awarded **$26,764.74** in attorneys' fees and expenses from Defendants Anand Patel, Raman Patel, and Gulf Coast Management Company, LLC, jointly and severally. [4]

**DONE** and **ORDERED** this the 8th day of November 2016.

>  */s/ Katherine P. Nelson*
>  **KATHERINE P. NELSON**
>  **UNITED STATES MAGISTRATE JUDGE**

---

[4] Unless Zucaro requests one, no separate judgment regarding attorney's fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).